UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICKY GARRETT,

        Plaintiff,

v.                                             Case No. 5:11-cv-77-Oc-34TBS

TOWNLEY FOUNDRY & MACHINE CO.,
INC.,

        Defendant.
_____/

## ORDER

Pending before the Court is Plaintiff's Motion for Sanctions (Doc. 28) to which Defendant filed a response in opposition (Doc. 29). On October 14, 2011, the Court conducted a hearing on the motion, the record of which is incorporated by reference.

This motion arises out of Defendant, Townley Foundry & Machine Co., Inc.'s failure to appear at the parties' scheduled mediation conference on September 19, 2011 in Tampa, Florida before Mark Hanley, Esq. (Doc. 26). Plaintiff filed the instant motion for sanctions in which he contends that Defendant "willfully chose not to attend the mediation conference"; that Defendant "can not show good cause as to why it did not attend the mediation"; that Defendant's "complete disregard for this Court's Orders requires sanctions"; and that prior to filing this motion Plaintiff conferred with Defendant in a good faith effort to resolve these issues. Plaintiff requests that the Court order Defendant to pay Plaintiff's expenses, including attorney's fees, incurred in preparing for and attending the mediation and in preparing the instant motion.

In response to the motion, Defendant's corporate representative, John Chelminski filed a Declaration. (Doc. 29, Exhibit A). Mr. Chelminski avers that he mistakenly believed the mediation conference was scheduled to take place at an office in Ocala, Florida – the same office where his deposition had been taken one month earlier. He drove to that office, and upon realizing that he was at the wrong location, immediately began driving to Tampa and offered to attend the mediation telephonically while he was driving to Tampa to appear in person. Defense counsel was present at the mediation and was prepared to give an opening statement. According to Mr. Chelminski, the mediator was willing to move forward with the mediation telephonically but counsel for Plaintiff refused to remain at the mediation. Nonetheless, Defendant agreed to pay for the entire cost of the mediator's fee, and in fact, has done so.

At the hearing, counsel for Plaintiff could offer no support for his assertion that Mr. Chelminski's failure to appear at the deposition was willful. In fact, it became readily apparent that Plaintiff's counsel based this conclusion on some purported statement by the mediator that Mr. Chelminski had forgotten about the mediation. Even assuming the mediator made such a statement, it is undisputed that Mr. Chelminski offered to participate telephonically while driving to Tampa, and that he would have arrived prior to the scheduled conclusion of the mediation, but that Plaintiff's counsel declined to move forward with the mediation. According to Plaintiff's counsel, he did not believe that there was any reason to continue with the

mediation because Defendant seemed unwilling to consider his settlement offer.[1] Under these circumstances, the Court finds that Defendant's failure to attend the mediation was not willful.

Likewise, the Court finds that Defendant did not violate any court order by failing to appear at the mediation. The only order related to mediation is the Case Management and Scheduling Order (Doc. 24), which requires the parties to attend a mediation conference with Mark Hanley on or before December 30, 2011. The parties have rescheduled the mediation conference for November 15, 2011, which is well before the Court's December 30, 2011 deadline.

Finally, the Court finds that Plaintiff's counsel failed to comply with the requirements of Local Rule 3.01(g) which provides:

> Before filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion

The purpose of this rule "is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, Inc., 944 F.Supp. 876, 878 (M.D. Fla. 1996).

In his motion, Plaintiff represents that "he conferred with Defendant in a good faith effort to resolve the issues raised in this motion, but was unsuccessful." Doc. 28

---

[1] Although Plaintiff's counsel suggested that he made a new settlement offer the morning of mediation, it appears that he simply renewed an earlier (pre-mediation) settlement offer and agreed not to seek sanctions for Defendant's failure to appear at the mediation.

-3-

at 2. However, the only time counsel discussed the issues raised by this motion was at the mediation conference, and there is no question that Plaintiff's counsel did not confer in a good faith effort to resolve these issues. Indeed, although he was advised that Mr. Chelminski mistakenly went to the wrong location for the mediation, that Mr. Chelminski was willing to participate in the mediation by telephone while he drove to the correct location, and that the mediator was willing to proceed, Plaintiff's counsel inexplicably refused to continue with the mediation. Moreover, despite Plaintiff's counsel's refusal to continue with the mediation, Defendant graciously payed the entire mediation fee. Under these circumstances, Plaintiff's counsel's decision to file the instant motion was patently unreasonable.

Accordingly, the Court has no difficulty concluding that Plaintiff's counsel failed to confer with Defendant's counsel in a good faith effort to resolve the issues raised by the motion. The Court would advise Plaintiff's counsel to familiarize himself with the requirements of Local Rule 3.01(g) and insure that all future motions comply with the Rule.

For the reasons stated above, Plaintiff's Motion for Sanctions (Doc. 28) is DENIED. It is worth noting that even if the Court had been inclined to award sanctions, Plaintiff's counsel was wholly unprepared at the hearing regarding the amount of sanctions sought.

Finally, Plaintiff's counsel made a number of serious representations in this case that he was unable to support -- i.e., that Defendant "willfully chose not to attend the mediation conference"; that Defendant "can not show good cause as to why it did

not attend the mediation"; and that Defendant's "complete disregard for this Court's Orders requires sanctions." Plaintiff's counsel is cautioned from making unsubstantiated representations in the future.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on October 18, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel