UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICKY GARRETT,

      Plaintiff,

v.                                                                          Case No.  5:11-cv-77-Oc-10TBS

TOWNLEY FOUNDRY & MACHINE CO.,
INC.,

      Defendant.

_____/

ORDER

On December 20, 2011, the parties filed their Joint Motion for Approval of

Settlement and Incorporated Memorandum of Law (Doc. 34).  In light of this motion,

the District Judge entered an Order of Administrative Closure and Reference to the

undersigned for the preparation of a Report and Recommendation whether the parties

settlement is a "fair and reasonable resolution of a bonafide dispute" of the plaintiff's

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq. claim (Doc. 35).  Lynn's

Food Stores, Inc. v. United States Dept. of Labor, 679 F.2d 1350, 1354-55 (11th Cir.

1982).  This Court has read the parties' Joint Motion and Settlement Agreement (Doc.

37) and cannot recommend its approval to the District Judge.  Rather than

recommend that the District Judge reject the parties' proposed settlement this Court

will outline its concerns and provide the parties an opportunity to file a revised

proposed Settlement Agreement no later than February 3, 2012.

In Lynn's Food, the United States Court of Appeals for the Eleventh Circuit

explained that claims for compensation under the FLSA may only be settled or

compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Id. at 1353. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

The policy behind the FLSA, what is and is not permissible in the settlement of an FLSA claim, and the Court's role in determining the fairness of a compromise and settlement of an FLSA claim are discussed at length in Dees v. Hydrady, Inc., 706 F.Supp.2d 1227 (M.D. Fla. 2010) and Moreno v. Regions Bank, 729 F.Supp.2d 1346 (M.D. Fla. 2010). With these decisions in mind, the Court has the following concerns:

1. The parties have not informed the Court concerning the type of work the plaintiff did for the defendant, the basis for the plaintiff's claim or the reasons why the defendant disputes the claim. The Court understands this dispute has something to do with the number of hours plaintiff worked but needs more facts to make an informed decision.

2. The Court cannot tell from the parties' papers what amount plaintiff will receive as damages and what amount he will receive as liquidated damages.

3. Paragraphs 5, 6, 9, 10 and 11 of the Settlement Agreement provide, inter alia, for: (a) the waiver by plaintiff of his rights against people and entities that are not parties to this litigation (the "Third Parties"); (b) confidentiality; (c) non-disparagement of the defendant; (d) an all encompassing release of the defendant and Third Parties.

If enforceable, this release would bar plaintiff from asserting claims he may not currently have knowledge of and which are wholly unrelated to his FLSA claim; (e) immediate dismissal by plaintiff of any other lawsuits he may have against the defendant or Third Parties and which may have nothing to do with his FLSA claim; (f) estoppel of the plaintiff's right to bring non-FLSA claims against the defendant and Third Parties; and (f) indemnification of the defendant and Third Parties by plaintiff. If the parties intend to keep these provisions in their Settlement Agreement then they should explain the value in dollars which they place on each of these terms, how those values were arrived at and why they are fair and reasonable.

4. While the amount of attorneys' fees to be paid to counsel for plaintiff appears reasonable on its face the parties should: (a) include in their Joint Motion or Settlement Agreement a representation that they agreed on the amount of fees separately and after plaintiff's claim was settled; or (b) provide the Court with the information necessary to establish the reasonableness of counsel's attorneys' fees using the lodestar approach.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida on January 12, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

-3-